The Honorable Mark Riable State Representative 16611 Burlingame Road Little Rock, AR 72211
Dear Representative Riable:
This is in response to your request for an opinion on whether the Arkansas State Medical Board has the authority to regulate, control and discipline physicians licensed by the State of Arkansas and practicing medicine exclusively at Veterans' Administration Medical Centers located within the State of Arkansas, but presumably owned by the federal government.
The United States Supreme Court in Barksy v. Bd. of Regents ofUniversity, N.Y., 347 U.S. 442 (1954), recognized that the states can regulate and control the practice of medicine because of the legitimate concern to maintain high standards of professional conduct for those practicing medicine. To this end, the Arkansas Legislature enacted statutes to regulate the practice of medicine.[1]
The Arkansas courts have established certain guidelines in determining the state's regulatory jurisdiction over federal medical installations located in this state. In Lynch v.Hammock, 204 Ark. 911, 165 S.W.2d 369 (1942), the Arkansas Supreme Court held that a physician licensed by another state (Tennessee), whose practice in this state was confined to property owned by the United States government, was not subject to the laws of Arkansas relating to the practice of medicine. Presumably, if the physician had been licensed in Arkansas, he would have been subject to the state's plenary power to regulate the medical profession in Arkansas. Barksy, supra. It is therefore my opinion that if the physician maintains an Arkansas license, he has subjected himself to regulation by the state
Thus, if a physician has been licensed by the Arkansas State Medical Board, this Board can regulate his or her practice.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A.C.A. §§ 17-93-201—411 (Repl. 1992), known as "Arkansas Medical Practices Act."